IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT SIMMS, )<br>      Plaintiff )<br>          )<br>vs.              )<br>          )<br>FAYETTE STATE PRISON,  )<br>      Defendant ) | Civil Action No. 09-1360<br>Judge David Stewart Cercone/<br>Magistrate Judge Amy Reynolds Hay |

**REPORT AND RECOMMENDATION**

**I. Recommendation**

It is respectfully recommended that the Complaint [Doc. 1] in the above-captioned case be dismissed for failure to prosecute.

**II. Report**

On October 9, 2009, the pro se Plaintiff, Robert Simms, filed a civil rights complaint seeking damages for injuries received when he was allegedly assaulted by his cell mate. On October 26, 2009, the Court issued an Order [Doc.2] advising Simms that he had failed to submit a complete motion to proceed in forma pauperis with supporting paperwork, or in the alternative, to pay the $350.00 filing fee.  On December 10, 2009, an Order to Show Cause [Doc. 3] was issued on the Plaintiff which was returnable on December 23, 2009, for Plaintiff's failure to comply with the Court's original order.  This Order, like the first, was sent to the Plaintiff at SCI-Fayette, and was not returned as undeliverable.  The Plaintiff has not complied with the Order to Show Cause.

Punitive dismissal of an action for failure to comply with court orders is left to the

discretion of the Court. Mindek v. Rigatti, 964 F.2d 1369 (3d Cir. 1992). In exercising its discretion, the Court must consider the following six factors set forth in Poulis v. State Farm Fire and Cas. Co., 747 F.2d 863, 868 (3d Cir.1984):

(1)   The extent of the party's personal responsibility;

(2)   The prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery;

(3)   A history of dilatoriness;

(4)   Whether the conduct of the party or the attorney was willful or in bad faith;

(5)   The effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and

(6)   The meritoriousness of the claim or defense.

"Not all of these factors need be met for a district court to find dismissal is warranted." Hicks v. Feeney, 850 F.2d 152, 156 (3d Cir. 1988). On the whole, the Poulis factors favor dismissal of Simms' Petition.

Since filing his Complaint more than four months ago, Simms has not communicated with the Court. His failure to comply with the Court's original Order or with the Order to Show Cause, despite having been given ample time in which to do so, appears to constitute dilatory conduct and a lack of personal responsibility that may well rise to the level of bad faith.

The prejudice caused to the Defendant by Simms' failure to comply with this Court's Orders does not appear to extend beyond that associated with general delay and administrative inconvenience . The meritoriousness of the claim is unknown at this point. Neither of these Poulis factors weighs strongly in favor of nor against dismissal.

Poulis last directs that the court consider the effectiveness of sanctions other than dismissal. Since it is most probable that the Petitioner lacks funds to proceed with this matter, monetary sanctions would be meaningless. More fundamentally, however, dismissal is appropriate because this case cannot proceed without the participation of the Petitioner. Because he has elected not to participate, and the court is unable to communicate with him, it is respectfully recommended that Simms' Complaint be dismissed. No other sanction will serve justice. Mindek, supra; Titus v. Mercedes Benz, 695 F.2d 746 (3d Cir. 1982).

Pursuant to the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Civil Rules, the Plaintiff may file objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Failure to timely file objections may constitute a waiver of any appellate rights.

Respectfully Submitted,

/s/ Amy Reynolds Hay
Chief United States Magistrate Judge

Dated: February 24, 2010

cc:   Robert Simms
      HH-8291
      SCI Fayette
      LaBelle, PA 15450-0999